## FERGUSON v. ALEXANDER et al.

### No. 12798.

Court of Civil Appeals of Texas. Dallas.

Dec. 3, 1938.

Rehearing Denied Jan. 7, 1939.

John W. Pope, Sr., of Dallas, for appellant.

Renfro & Kilgore, of Dallas, for appellees.

LOONEY, Justice.

H. W. Ferguson appealed from an adverse judgment rendered in a proceeding wherein he sought to enjoin C. C. Renfro, James A. Kilgore and Robert B. Burgess, attorneys, from representing two of the defendants—to wit, W. L. Roots and D. C. Reed—in a suit, filed by appellant against Roots, Reed and others for damages based upon certain alleged libels and slanders, pending in the court below. The substance of appellant's allegations being that, said attorneys were disqualified to appear in opposition to appellant's suit—in that, the relation of attorney and client had existed between appellant and, the attorneys (particularly C. C. Renfro) from the year 1919 to February 1937; and that, during said period, appellant, as president of the Dallas Joint-Stock Land Bank and responsible for the management of its affairs, employed C. C. Renfro as attorney for the Bank, and that, during the entire period of time mentioned, he and the law firm, of which he was a member, represented the Bank in all legal matters in regard to its litigation and business; in short, appellant sought to disqualify and enjoin said attorneys, on the theory that, having thus served him personally and the Bank, of which he was president, in regard to their legal matters, they were disqualified to represent Roots and Reed, stockholders and directors of the Bank—in that, their interests involved in the libel and slander suit conflicted with the interest of the former clients of said attorneys.

Appellant's suit, out of which the injunction proceeding grew, is against seven persons including Roots and Reed, in which appellant is seeking to recover damages for certain alleged libelous publications and slanderous utterances, by the defendants named in said suit or by their authority, of and concerning appellant personally and in regard to his management of the affairs of the Bank, in furtherance of a conspiracy to remove appellant from the presidency of the Bank and from its Board of Directors.

The proof at the hearing was, to the effect that, in 1919, C. C. Renfro was employed by Ferguson, president of the Bank, as its attorney, to examine titles to property upon which loans were sought, to draft documents, advise generally as to the conduct of the affairs of the Bank, and the policy to be pursued—in other words, during the period of time mentioned, Mr. Renfro and the different firms of which he was a member, represented the Bank fully and completely, were consulted by its officers and agents, particularly by appellant, its president, and thus acquired an extensive knowledge in regard to the affairs of the Bank; that during the same period, Mr. Renfro, and the different firms of which he was a member also represented appellant personally in several suits, examined titles to properties upon which appellant made personal loans, also examined titles where loans were sought from another corporation, in which appellant was interested, also attended to litigation on behalf of other corporations, in which appellant was interested.

At the conclusion of the evidence, the court declined to issue the injunction sought, finding and decreeing, as follows, that "* * * after hearing all of the evidence and the argument of counsel the court finds, that the plaintiff has wholly failed to meet the burden of proof and to establish the facts necessary to support his application, and the court is of the opinion that the relief prayed for by the plaintiff should be denied; It is therefore ordered, adjudged and decreed by the court that the application of H. W. Ferguson filed herein on September 22, 1938, against the respondents, Connie C. Renfro, James A. Kilgore and Robert B. Burgess, and all relief prayed for therein, be and the same is hereby denied: * * *."

We are of opinion that the evidence justified the conclusion, evidently reached, by the trial court, that the matters involved in the personal employment of the attorneys by appellant were disconnected from and bore no relation to the issues joined in the

libel and slander suits; and that, in the proper defense of Roots and Reed, as against the charges of libel and slander, the attorneys would not be called upon to do anything injuriously affecting appellant in regard to any matter in which the attorneys, or either of them, had previously represented him; or to use against him any knowledge or information acquired through their former employment by him. We are of opinion, therefore, that the trial court was justified in holding, as in effect was held that, without being guilty of inconsistency, the attorneys could represent the interests of their present clients in defending them against the charges of libel and slander.

■ "The test of inconsistency in cases of the character under consideration (as stated in 7 C.J. Secundum, Attorney and Client, pp. 828, 829, § 48) is not whether the attorney has ever appeared for the party against whom he proposes to appear, but whether his accepting the new retainer will require him, in forwarding the interests of his new client, to do anything which will injuriously affect his former client in any matter in which he formerly represented him, and whether he will be called upon, in his new relation, to use against his former client any knowledge or information acquired through their former connection. Nor does the rule imposing disability on the attorney mean that he, having once been employed by a client, shall never thereafter appear in any matter against him but merely forbids the attorney's appearance or acting against the client where the attorney can use, to the detriment of such client, the information and confidences acquired during the existence of their relation as attorney and client".

The language used by Chief Justice Smith, in Ramirez v. Vela, Tex.Civ.App., 102 S.W. 2d 447, 449, is adopted as appropriate to dispose of the question under consideration. He said, "The issue raised by the motion was heard and determined by the trial judge, upon the evidence of several witnesses. It is unnecessary to set out that evidence here. The issue turned out to be purely one of fact, and the trial judge resolved it against appellant, in the exercise of a discretion peculiarly his. We cannot say from the record that the court abused that discretion * * *."

■ The rule that disqualifies an attorney to appear in opposition to his former client is based solely upon and arises from the confidential relationship that exists between attorney and client; hence, does not arise and is not applicable in the absence of such a relationship. The Dallas Joint-Stock Land Bank is not a party to any of the proceedings involved; and it alone is competent to raise, as against its former attorneys, the question of their disqualification arising from their former employment. While it is doubtless true that, from 1919 to February 1937, there existed a confidential relationship between appellant, as President of the Bank, and Mr. Renfro and his partners, as its attorneys, these confidences were in regard to the affairs of the Bank and arose from the necessary contact of the parties in mutually serving the best interest of the Bank. Therefore, we are of opinion that appellant cannot complain of the acceptance of employment by the attorneys to defend Roots and Reed in the libel suit, on the ground that, under appellant's presidency, these attorneys formerly represented the Bank in regard to its legal affairs.

■ The doctrine seems to be well settled that, "The objection that an attorney is disqualified by reason of his representing adverse interests, is available only to those as to whom the attorney in question sustains or has sustained the relation of attorney and client * * *." 7 C.J. Secundum, Attorney and Client, p. 826, § 47. To the same effect see: Harvey v. Harvey, 202 Wis. 553, 231 N.W. 580, 583; Michel v. McKenna, 199 Wis. 608, 227 N.W. 396; Van Veen v. Van Veen, 213 Iowa 323, 236 N.W. 1, 8, 238 N.W. 718.

In support of his contention that the court erred in not granting the injunction restraining the attorneys from appearing in defense of the libel suit, appellant cites the case of Barreda Corp. v. Ballenger, Tex. Civ.App., 116 S.W.2d 442. That case is distinguishable from the case at bar—in that, the disqualification of Judge Seabury to appear against Barreda, and Barreda Corporation, his former clients, was raised by them and not by a stranger to the former employment and litigation, as in the instant case.

The judgment of the court below, in our opinion, should be affirmed, and it is so ordered.

Affirmed.