**Henry L. STAFFORD d/b/a Stafford Construction Company, Appellant,**

**v.**

**G. W. RODGERS, Appellee.**

**No. 4611.**

Court of Civil Appeals of Texas, Eastland.

March 23, 1973.

Rehearing Denied April 20, 1973.

Evans, Pharr, Trout & Jones (Charles B. Jones), Lubbock, for appellant.

Schulz, Hanna & Burke (W. L. Burke, Jr.), Abilene, for appellee.

McCLOUD, Chief Justice.

This is a venue case. Plaintiff, G. W. Rodgers, sued defendant, Henry L. Stafford, d/b/a Stafford Construction Company, for personal injuries in Fisher County. Stafford filed a plea of privilege asking that the suit be transferred to Lubbock County, his place of residence. Plaintiff controverted the plea of privilege and alleged that venue was proper under Subdivision 9a of Article 1995, V.A.C.S. The trial court overruled the plea of privilege and defendant has appealed. Findings of

fact and conclusions of law were neither requested nor filed. We affirm.

Subdivision 9a of Article 1995, Vernon's Ann.Civ.St., provides:

". . . The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

1. That an act or omission of negligence occurred in the county where suit was filed.

2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

3. That such negligence was a proximate cause of plaintiff's injuries."

Defendant, a road contractor, was engaged in a construction project in Fisher County. He needed water in connection with the work and employed plaintiff, a water well drilling contractor, to drill for water on property located in Fisher County and owned by L. R. Speyers. The only evidence as to defendant's connection with the Speyers' property is that defendant had gained permission from Speyers to drill for water on Speyers' property and to use the water during the road construction. When the mast of the drilling unit was raised it struck an electric line causing personal injuries to plaintiff. There is evidence that defendant's employees both selected and prepared the drilling site. Also, there is evidence that an employee of defendant, who had been assigned to assist plaintiff, raised the mast that struck the line.

Defendant contends that plaintiff failed to establish that he owed a duty to plaintiff. He relies upon the "no-duty" concept recently discussed in Adam Dante Corporation v. Sharpe, 483 S.W.2d 452 (Tex.Sup.1972), and argues that the electric line was open and obvious; therefore, plaintiff was charged as a matter of law with knowledge and full appreciation of the nature and extent of danger.

The evidence shows merely that defendant had permission to go on the Speyers' land and drill for water. The trial court could have properly concluded that defendant was not an "occupier" of the land. When confronted with a similar question the Court in International Business Machines Corp. v. Pearsall, 422 S.W.2d 797 (Tex.Civ.App.–Dallas 1967, writ ref. n. r. e.), stated:

"We do not agree with appellant. The 'no duty' doctrine applies only to occupiers of premises. The doctrine is not applicable here because appellant cannot be considered an occupier of premises since appellant did not have exclusive possession of the area in which its employee, King, was working. Hernandez v. Heldenfels, 374 S.W.2d 196 (Tex. Sup.1963); Halepeska v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex.Sup. 1963)." See also Restatement of the Law of Torts (2d Ed.), Sec. 328E.

In Seaman v. Seaman, 425 S.W.2d 339 (Tex.Sup.1968), the Court said:

"When findings of fact and conclusions of law are not requested or filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. Bishop v. Bishop, 359 S.W.2d 869, 871 (Tex.Sup.1962)."

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.