## PIONEER NATURAL GAS COMPANY, Appellant,

v.

## Lester CARAWAY, Appellee.

## No. 5075.

Court of Civil Appeals of Texas, Eastland.

Feb. 16, 1978.

Rehearing Denied March 9, 1978.

Ira L. Edwards, Jr., Gibson, Ochsner, Adkins, Harlan & Hankins, Amarillo, for appellant.

Johnny Splawn, Splawn Law Offices, Inc., Lubbock, for appellee.

WALTER, Justice.

Our opinion and judgment rendered on January 12, 1978, is hereby withdrawn and the following opinion and judgment is rendered in lieu thereof.

Lester Caraway brought suit for damages to his home resulting from a fire. Caraway proceeded to trial on his amended petition naming as defendants, S. E. Sparks and Thomas Wylie as partners d/b/a Sparks and Wylie Conoco, Pioneer Natural Gas Company and Gulf Insurance Company.

The cause of action asserted against Sparks and Wylie Conoco and Pioneer was based upon a claim of negligence. The cause of action asserted against Gulf was based upon a claim for breach of the insurance contract issued by Gulf to Caraway.

Gulf filed a motion for severance of Caraway's cause of action on the insurance contract and this motion was granted. Thereafter, Gulf's motion for intervention asserting its subrogation rights under the terms of the insurance contract was filed and granted.

The jury found against Sparks and Wylie Conoco and Pioneer, and judgment was rendered against them jointly and severally. Caraway was awarded $61,085.34 in damages. Pioneer has appealed. We affirm the judgment of the trial court.

On December 7, 1972, Sparks and Wylie Conoco delivered gasoline to Caraway's farmhouse for the purpose of filling Caraway's underground storage tank. While filling the tank, gasoline accidentally sprayed onto the outside wall of Caraway's home. A fire resulted virtually destroying the residence.

Approximately four years prior to the fire, Pioneer Natural Gas Company installed a gas air conditioner. The air conditioner was installed near the underground storage tank. Caraway alleged the pilot light inside the unit was the igniting source of the fire and Pioneer was negligent in placing the unit in proximity to the storage tank.

Pioneer contends the court erred in submitting Special Issues 5 and 6 because use of the word "proximity" was so broad as constituting a comment on the weight of the evidence. We do not agree. Special Issues 5 and 6 read as follows:

"ISSUE NO. 5

Do you find from the preponderance of the evidence that the Defendant Pioneer Natural Gas Company placed the air conditioning unit in proximity to the underground tank?"

"ISSUE NO. 6

Do you find from the preponderance of the evidence that such placement of the air conditioning unit in proximity to the underground tank was negligence?"

Both special issues were answered in the affirmative.

The distance between the air conditioning unit and the underground storage tank was established by the evidence as being between ten and twenty feet. Caraway alleged, as a basis of his cause of action, Pioneer was negligent in positioning the air conditioning unit near the gasoline storage tank. Submission of Special Issues 5 and 6, using the word "proximity", was supported by Caraway's pleadings and evidence.

■ The word "proximity" is not a term of legal significance, but is a word of common usage and meaning. Therefore, the court was not required to define proximity. *Golden v. Stevens*, 138 S.W.2d 243 (Tex.Civ. App.—Eastland 1940, writ ref'd).

■ Rule 277, Texas Rules of Civil Procedure, gives the trial court discretion to either submit separate questions as to each element of a case or to submit issues broadly. We hold the trial court did not abuse its discretion and, therefore, did not comment on the weight of the evidence by using the word "proximity" in submitting Special Issues 5 and 6.

Pioneer also contends Caraway had actual knowledge of the open and obvious condition regarding the placement of the air conditioning unit thereby discharging, as a matter of law, any duty which may have been owed to Caraway by Pioneer. We do not agree with this contention.

The "no duty" doctrine, upon which Pioneer relies, is not applicable to the facts in the instant case. In *Stafford v. Rodgers*, 493 S.W.2d 297 (Tex.Civ.App.—Eastland 1973, writ dism'd), we approved the following language found in *International Business Machines Corporation v. Pearsall*, 422 S.W.2d 797 (Tex.Civ.App.—Dallas 1967, writ ref. n. r. e.):

"The 'no duty' doctrine applies only to occupiers of premises. The doctrine is not applicable here because appellant cannot be considered an occupier of premises since appellant did not have exclusive possession of the area in which its employee, King, was working. *Hernandez v. Heldenfels*, 374 S.W.2d 196 (Tex.Sup. 1963); *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368 (Tex.Sup.1963)."

See also: Restatement of the Law of Torts (2d Ed.), Section 328(e).

■ Pioneer was not the occupier of the premises nor was it in exclusive possession of the area where the air conditioning unit was positioned. Based upon the above authorities, we hold the "no duty" doctrine is not available to Pioneer. Furthermore, we recognize the Supreme Court has recently abolished the "no duty" doctrine. *Parker v. Highland Park, Inc.*, 21 Tex.Sup.Ct.J. 18 (Feb. 11, 1978).

Pioneer further argues there is no evidence to support the jury's finding that its negligence was the proximate cause of the fire. Alternatively, Pioneer argues the evidence is factually insufficient to support the jury's finding of proximate cause or that such finding is against the great weight and preponderance of the evidence. We do not agree.

■ In passing upon no evidence points, we must apply the rule as stated in *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974):

"When a party asserts that there is no evidence to support jury findings, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings, and rejecting the evidence and inferences contrary to the findings. *Butler v. Hanson*, 455 S.W.2d 942 (Tex.1970); *Langlotz v. Citizens Fidelity Insurance Company*, 505 S.W.2d 249 (Tex.1974) . . ."

The Supreme Court in *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466 (Tex. 1970) stated:

". . . it is well settled that proximate cause includes two essential elements: (1) there must be a cause in fact—a cause which produces an event

and without which the event would not have occurred; and (2) foreseeability . . . ."

■ The cause in fact element of proximate cause must be proven beyond mere speculation, conjecture or guess. *Texas Sling Company v. Emanuel*, 431 S.W.2d 538 (Tex.1968); *Leatherwood Drilling Company v. TXL Oil Corporation*, 379 S.W.2d 693 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.). See also *Sinclair Oil & Gas Company v. Adams*, 392 S.W.2d 721 (Tex.Civ.App.—Beaumont 1965, writ ref'd n. r. e.). Pioneer argues Caraway failed to establish this element by probative evidence. We hold there is some evidence of probative force establishing the cause in fact of the fire.

The testimony of two eyewitnesses established cause in fact beyond mere speculation. Mrs. Caraway testified:

"Q Do you have any idea what ignited it, you were standing there when it did, do you know from whence the flame came?

A I always believed it came from the air conditioner because that's what went first and went up the side of the house.

Q Then you observed the flame started at the point of the air conditioner.

A Yes, sir."

Mrs. Caraway, on cross-examination, testified:

"Q Now, you are clear in your recollection of the fire having started where that air conditioning unit was?

A Yes, sir.

Q In other words, this isn't a hazy recollection or any question in your mind but that this is what you saw that afternoon?

A No, it's not hazy."

Co-defendant Sparks testified as follows:

"Q Do you have any idea where this fire came from?

A Well, yes, I have a pretty good idea.

Q Did you see it when it flashed?

A Yes, it flashed from the air conditioner right back and came right back on me."

On redirect examination, Sparks testified:

"Q What do you want to swear to?

A I will swear where the fire came from.

Q Where?

A From under the air conditioner."

In *Thoreson v. Thompson*, 431 S.W.2d 341 (Tex.1968), the Supreme Court reversed and remanded the court of civil appeals' holding that there was no evidence of probative force to support the jury's finding of proximate cause. The court relied upon the testimony of an adverse eyewitness who testified:

"Q Could you tell by observing where the fire started?

A It started at the truck.

Q Started under the truck?

A Yes."

The court reaffirmed its position that broad latitude should be allowed jurors to infer proximate cause from the surrounding circumstances and held the testimony of the eyewitness "constituted some evidence from which the jury could reasonably infer . . . the cause in fact" of the fire. *Thoreson v. Thompson*, 431 S.W.2d 341 (Tex.1968).

■ The foreseeability element of proximate cause does not require the particular act to have been foreseen, but that the injury be of such general character as might reasonably have been anticipated. *Genell, Inc. v. Flynn*, 163 Tex. 632, 358 S.W.2d 543 (1962); *Missouri Pacific Railroad Company v. American Statesman*, 552 S.W.2d 99 (Tex.1977). The rule was clearly stated in *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.1970):

"The foreseeability element of proximate cause is established by proof that the actor as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation . . . . The test is not what the wrongdoer believed would occur; it is whether

he ought reasonably to have foreseen that the event in question, or some similar event, would occur   .   .   ."

■ The record shows Pioneer's agents were aware of the gasoline storage tank at the time the gas air conditioning unit was installed and knew from time to time gasoline trucks would come to fill the tank. Based upon this evidence, we hold the jury was justified in concluding Pioneer should have foreseen the dangerous condition it created by positioning the air conditioning unit near the gasoline storage tank and that Pioneer could have reasonably anticipated a fire resulting therefrom.

■ We find there is some evidence to support the jury's finding of proximate cause. Furthermore, after carefully considering all the evidence, as required by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951), we hold the evidence is not factually insufficient to support the jury's finding and the finding of proximate cause is not against the great weight and preponderance of the evidence.

Pioneer next asserts two points of error regarding new and intervening or independent cause. First, Pioneer complains the trial court erred in refusing to submit its requested instruction on new and intervening cause. Secondly, Pioneer argues the negligence of Sparks and Wylie Conoco was a new and independent cause which superseded any negligence of Pioneer. We overrule both points of error.

■ New and independent cause is not an affirmative defense, but is an element to be considered by the jury in determining the existence of proximate cause. *Dallas Railway & Terminal Company v. Bailey*, 151 Tex. 359, 250 S.W.2d 379 (1952). A recommended instruction to the jury on new and independent cause is found in 1 Texas Pattern Jury Charges 47, PJC 2.03, which reads:

" 'PROXIMATE CAUSE' means that cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would

not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

'NEW AND INDEPENDENT CAUSE' means the act or omission of a separate and independent agency, not reasonably foreseeable, which destroys the casual connection, if any, between the act or omission inquired about and the occurrence in question, and thereby becomes the immediate cause of such occurrence."

The trial court's charge reads as follows:

"By the term 'proximate cause', as used in this charge, is meant that cause which, in its natural and continuous sequence, unbroken by any new and independent cause, produced the result complained of, and without which said result would not have occurred, and before an act or omission can be the proximate cause of said result, it ought to have been foreseen, or reasonably anticipated by a person of ordinary prudence, in the exercise of ordinary care, that the result complained of, or some similar result would occur naturally and probably in the light of the attending circumstances. There may be more than one proximate cause.

The term 'new and independent' means the act or omission of a separate and independent agency which destroys the causal connection between the negligent act or omission of the plaintiff or the defendant—or either of them and the injury complained of, and thereby becomes, in itself, the immediate cause of such injury."

We hold this charge properly instructed the jury on new and independent cause.

In determining whether the negligence of Sparks and Wylie Conoco was a new and independent cause, we rely on the criteria suggested in *Humble Oil & Refining Co. v. Whitten*, 427 S.W.2d 313 (Tex.1968):

".   .   .   In deciding whether an act is a concurring or a new and independent

cause we confront the difficulty of applying familiar principles to specific facts. Some of the criteria which aid decisions such as this, are found in section 442, Restatement, Second, Law of Torts:

'The following considerations are of importance in determining whether an intervening force is a superseding cause of harm to another:

(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.' "

█ A review of these criteria requires the conclusion that Sparks and Wylie Conoco's negligent act was not a new and independent cause of the fire. The same harm was brought about by the negligence of Pioneer and of Sparks and Wylie Conoco. The jury could have properly concluded that a fire was an expected consequence of the dangerous condition created by Pioneer even before Sparks and Wylie Conoco's negligent act. The negligent act of Sparks and Wylie Conoco did not independently cause the fire but was dependent upon the placement of the gas air conditioning unit by Pioneer. Therefore, the negligence in filling the tank, allowing gasoline to spew from the filler pipe, was not a new and independent cause relieving Pioneer of its negligence in positioning the air conditioning unit near the gasoline storage tank.

Pioneer also complains error was committed when the trial court allowed John Vickers, attorney, to represent co-defendant Sparks and Wylie Conoco and also represent Gulf Insurance Company as intervenor to protect subrogation rights. We overrule this point.

At the time of trial in the instant case, Gulf had made no payment to Caraway on its insurance contract. Therefore, no subrogation rights had matured. *Cannon Ball Truck Stop, Inc. v. Mobil Oil Corporation*, 501 S.W.2d 927 (Tex.Civ.App.—Houston (14th Dist.) 1973, writ ref'd n. r. e.).

█ The rule determining who may complain of possible conflicts of interest is found in *Ferguson v. Alexander*, 122 S.W.2d 1079 (Tex.Civ.App.—Dallas 1938, writ dism'd jdgmt. cor.):

"The doctrine seems to be well settled that, 'The objection that an attorney is disqualified by reason of his representing adverse interests, is available only to those as to whom the attorney in question sustains or has sustained the relation of attorney and client * * *.' 7 C.J. Secundum, Attorney and Client, p. 826, § 47. To the same effect see: *Harvey v. Harvey*, 202 Wis. 553, 231 N.W. 580, 583; *Michel v. McKenna*, 199 Wis. 608, 277 N.W. 396; *Van Veen v. Van Veen*, 213 Iowa 323, 236 N.W. 1, 8, 238 N.W. 718."

█ Vickers did not sustain an attorney-client relationship with Pioneer. Pioneer may not complain of Vickers' representation.

We have carefully considered all of Pioneer's points of error and find no merit in them. They are overruled.

The judgment is affirmed.