**Billy E. CALLAWAY, KJM, Inc. and Gano & Donovan, P.C., Appellants,**

v.

**Langdon L. BARBER and Langdon Barber Groves, Inc., Molly Matlock and Atlas and Hall, Appellees.**

No. 13-87-504-CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1988.

Rehearing Denied Nov. 17, 1988.

Stephen M. Gano, Houston, for appellants.

Katie Pearson, Pharr, Rose Marie Guerra Reyna, John E. Lewis, McAllen, for appellees.

Before NYE, C.J., and DORSEY and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Billy Callaway, Carlos Hobgood, and KJM, Inc., filed suit against Langdon Barber and Langdon Barber Groves, Inc., for breach of contract and wrongful discharge arising out of the purchase of a majority interest in Langdon Barber Groves, Inc. The plaintiffs also sued Molly Matlock and the law firm of Atlas and Hall for wrongful conversion relating to the same transaction.

Langdon Barber and Langdon Barber Groves, Inc., counterclaimed against the plaintiffs for breach of contract, fraud and negligence. Molly Matlock, Atlas and Hall, and Langdon Barber then instituted various cross-actions against one another.

On June 5, 1987, the trial court entered a pre-trial order requiring that the deposition of Carlos Hobgood be taken by June 7. That same day, Stephen Gano, as attorney for the plaintiffs, filed a notice of intent to take a second deposition of Hobgood on June 6 in Shreveport, Louisiana. Gano flew to Shreveport on the evening of June 5 and met with Hobgood. During private discussions which took place that evening

and the morning of June 6, it became apparent to Gano that the Hobgood's interests were "conflicting, inconsistent, and discordant" with the interests of Callaway and KJM. Gano advised Hobgood of the conflict, at which time Hobgood discharged the firm of Gano & Donovan, P.C. as his legal counsel.

At the scheduled deposition, Gano informed the attorneys for the defense of the problem. In accordance with Gano's advice, Hobgood refused to answer any questions until he obtained independent counsel.

During a pre-trial hearing on June 8, Gano argued his Motion to Withdraw before the trial court. He asked the court to allow him to 1) withdraw as Hobgood's counsel as mandated by Disciplinary Rule 2–110 (B)(2), and 2) continue his representation of Callaway and KJM in their lawsuit against the defendants. When the trial court asked Gano to reveal the nature of his clients' conflict of interests, Gano refused on the grounds that the subject matter was privileged and confidential.

The trial court stated:

Mr. Gano, I will allow you to withdraw, if you withdraw all the way across the board. Otherwise, you are counsel of record for all Plaintiffs. You have shown no evidence other than your word and your representations on your motion to withdraw that there is a conflict based on confidential communications.

\*   \*   \*   \*   \*   \*

If there is a conflict, there is a conflict across the board.

The court then entered its written order, which states in part:

The Court, being of the opinion that a conflict of interest arising under any circumstances would create a conflict of interest' as to all Plaintiffs represented by said attorneys, granted Gano and Donovan's Motion to Withdraw as Attorney of Record for all Plaintiffs.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Gano and Donovan be withdrawn as Attorneys of Record for Billy Callaway, Daniel Hobgood and KJM, Inc., in the above referenced matter.

■ By their first through fourth points of error, Callaway and KJM contend that the trial court erred in requiring Gano & Donovan to withdraw as their counsel in the absence of any objection by a party with standing to complain of the representation.

The only evidence before the trial court regarding the alleged conflict of interests between Hobgood and the remaining plaintiffs consists of the testimony of Gano at the June 8 hearing, the sworn affidavit of Gano attached to Gano & Donovan's Motion to Withdraw, and the sworn affidavits of Hobgood attached to the same motion and to the Motion for Continuance. None of the evidence indicates that Gano would be precluded from representing Callaway and KJM once his firm had been discharged by Hobgood.

Appellees assert that the trial court's *presumption* of an "across the board" conflict was valid under *Turner v. Turner*, 385 S.W.2d 230, 236 (Tex.1964), wherein the Supreme Court stated:

We recognize the rule that an attorney, after accepting employment and enjoying the confidences of one client, though afterwards discharged by his client without cause, cannot in general, with propriety, accept an employment by the *opposite* party in the same case. (emphasis ours).

The *Turner* rule provides an ethical guideline for the attorney faced with representing clients who possess opposing interests. It does not, however, authorize a trial court to engage in a presumption of impropriety and order an attorney to withdraw as counsel for a party against that party's wishes.

Disciplinary Rule DR 5–105 of the Code of Professional Responsibility provides in pertinent part:

(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR5–105(C).

(C) In the situations covered by DR5–105(A) and (B), *a lawyer may represent multiple clients if it is obvious that he can adequately represent the interests of each and if each consents to the representation* after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each. (emphasis ours).,

The foregoing rule clearly indicates that the decision of whether to represent multiple clients is a decision to be made by the attorney and his clients. As the court stated in *Pioneer Natural Gas Co. v. Caraway*, 562 S.W.2d 284, 290 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.):

> The doctrine seems to be well settled that, "The objection that an attorney is disqualified by reason of his representing adverse interests, is available only to those as to whom the attorney in question sustains or has sustained the relation of attorney and client ..." (quoting *Ferguson v. Alexander*, 122 S.W.2d 1079, 1081 (Tex.Civ.App.—Dallas 1938, writ dism'd jdgm. cor.)).

We find that in the absence of an objection by Callaway and/or KJM, the trial court exceeded the bounds of its authority in ordering Gano to withdraw as attorney for those parties. Points one through four are sustained.

■ By points of error five through eight, appellants Callaway and KJM assert the trial court erred in ordering that they "take-nothing" by their suits; appellant Gano & Donovan asserts the trial court erred in imposing monetary sanctions against it for obstruction of discovery.

On June 2, 1987, Langdon Barber and Langdon Barber Groves, Inc., filed a Motion for Sanctions for Failure to Answer Interrogatories against Carlos Hobgood.

On June 8, the same defendants filed a Second Motion for Sanctions in which they asserted the following additional grounds for sanctions: 1) failure to supplement pri-

or deposition responses to reflect Hobgood's current address; 2) failure to answer questions at Hobgood's June 6 deposition as mandated by the trial court's pretrial order of June 5; and 3) failure to notify counsel for the defense prior to their leaving for Shreveport, Louisiana that Hobgood would not be answering questions at the deposition.

On June 9, appellees Matlock and Atlas and Hall also filed a Motion for Sanctions to cover expenses incurred as a result of Hobgood's and Gano's failure to conduct the June 6 deposition as ordered by the trial court.

After hearing evidence on appellees' motions on June 29, the court ordered that: 1) the pleadings of Callaway, KJM and Hobgood were to be stricken in their entirety; 2) the plaintiffs would take nothing by their suits; 3) Carlos Hobgood and the firm of Gano & Donovan would each pay 50% of the $3,641.00 [1] in sanctions awarded to Langdon Barber and Langdon Barber Groves, Inc., for abuse of discovery; and 4) Hobgood and Gano & Donovan would each pay 50% of the $2,148.00 [2] in sanctions awarded to Atlas and Hall.

The imposition of sanctions for discovery abuse lies within the trial court's discretion and will not be disturbed unless a clear abuse of that discretion is shown. *Lindley v. Flores*, 672 S.W.2d 612, 614 (Tex.App.—Corpus Christi 1984, no writ).

We note initially that the motions for sanctions were directed exclusively at Carlos Hobgood and Stephen Gano. None of the defendants/appellees complained of any discovery abuse on the part of Callaway or KJM. Moreover, the record of the June 29 hearing is devoid of any evidence of such abuse by those parties. Hence, we conclude that the trial court abused its discretion in ordering that Callaway and KJM "take-nothing" by their lawsuits. Points five through eight are sustained as to appellants Callaway and KJM.

---

1. Based on expenses for airfare, rental car, hotel room, meals, preparation time, court reporting and videotaping for the June 6 deposition.

2. Based on airfare, meals, and attorney's fees.

■ We will now review the evidence to determine if the court abused its discretion in sanctioning the remaining appellant, Gano & Donovan, for its complicity with Hobgood's alleged obstruction of discovery.

During the hearing, Gano reiterated the fact that before the deposition began on June 6, Hobgood discharged him as his attorney; therefore, his withdrawal as counsel for Hobgood was mandatory under DR 2-110(B).

The Court then made reference to the following excerpt from Hobgood's deposition:

BY MR. MORRIS:

Q. Would you state your name and address, please?

A. Unfortunately I'm not going to be able to answer any questions until such time as I have opportunity to obtain counsel to represent my interests in this matter.

MR. MORRIS: Off the record.

(REPORTER'S NOTE: At this time there was an off the record discussion.)

MR. MORRIS: Mr. Hobgood. I understand you've told me you will not answer any questions until such time as you have an attorney. The deposition was for you to appear today and remain from day to day until the deposition is complete. I would like for you to tell us at this time when you believe you will have an opportunity to obtain representation so we can reschedule the deposition at this time. Give us a time.

MR. GANO: Object to the question and instruct the witness not to answer on the basis it calls for speculation.

Gano asserted that his instruction to Hobgood not to answer questions did not constitute an attempt to obstruct discovery.

The trial court responded:

I understand that, Mr. Gano. I understand your representations and my question to you is, you knew that I had ordered the day before that that deposition be taken, yet you took it upon yourself to instruct an individual who is no longer your client, not to go through with that deposition.

\* \* \* \* \* \*

My question is this, regardless of whether you withdrew prior to the deposition after it started, or during the time that the deposition was allegedly being started or after the deposition was started and/or concluded, there was still a valid Court order issued by this Judge, this Court, ordering that deposition be taken with or without an attorney. There were no strings attached to it.

\* \* \* \* \* \*

If there is a D.R. problem, if there is an ethical problem, you had an honorable way out by virtue of the fact that you were under a Court Order.

Tex.R.Civ.P. 215(2)(b)(8) provides that if a party "fails to obey an order to provide or permit discovery," the trial court may "require the party failing to obey the order or the attorney advising him, or both, to pay ... reasonable expenses, including attorney's fees, caused by the failure."

The record also reveals that on the night of June 5, after discussing the conflict of interest with Hobgood, Gano realized that he might have to withdraw; he "considered" notifying the defense attorneys of the problem before they boarded the 6 a.m. flight to Shreveport on the morning of June 6, but decided not to do so.

We find the foregoing evidence sufficient to support the trial court's imposition of sanctions against the firm of Gano & Donovan for failure to promptly notify the defense attorneys of the conflict and for obstruction of discovery under Tex.R.Civ.P. 215(2)(b)(8). *See Hlavinka v. Griffin*, 721 S.W.2d 521, 523–24 (Tex.App.—Corpus Christi, 1986, no writ). We overrule points five through eight as to appellant Gano & Donovan.

The judgment of the trial court is REVERSED as to appellants Callaway and KJM, Inc., and REMANDED for further action consistent with this opinion. The

judgment is AFFIRMED as to appellant Gano & Donovan, P.C.