### In re Betty G. ROBINSON and Virginia Middleton.

#### No. 04–02–00270–CV.

Court of Appeals of Texas, San Antonio.

Oct. 30, 2002.

Rehearing Overruled Dec. 2, 2002.

---

John D. Wennermark, Wennermark & Richter, P.L.L.C., San Antonio, for Appellant.

Richard C. Mosty, Stephen B. Schulte, Keith, Weber & Mosty, P.L.L.C., Kerrville, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

**OPINION ON RESPONDENTS' MOTION
FOR REHEARING**

Opinion by: KAREN ANGELINI, Justice.

Betty Robinson and Virginia Middleton seek a writ of mandamus directing the

trial court to withdraw its order removing John D. Wennermark from representing them. In our June 28, 2002 opinion, we assumed the Relators, Earl J. and Susan E. Freeman, had standing to move to disqualify Wennermark and conditionally granted the writ. We withdraw our original opinion and order and substitute this opinion and order in their place. Because the trial court abused its discretion in entering the order, we conditionally grant a writ of mandamus and direct the trial court to vacate its disqualification order.

## Factual and Procedural Background

Susan Freeman is Betty Robinson's step-daughter. According to Freeman, she and her husband and Robinson entered into a contract. Under the alleged contract, Freeman and her husband would move to Kerrville to take care of Robinson. In exchange, Robinson would pay the Freemans $40,000 a year; would purchase a house together with the Freemans and would pay all expenses; would give the Freemans use of her cars; and would leave them, upon her death, one-third of her estate, her share in the jointly-owned house, and a car. According to the Freemans, Robinson, with the encouragement and assistance of Virginia Middleton, Robinson's former caretaker, did not honor the agreement.

The Freemans sued Robinson for specific performance, breach of contract, and quantum meruit, sued Middleton for interference with an existing contract, and sought institution of a constructive trust and attorney's fees. They further sought to temporarily enjoin Robinson and Middleton from further depleting Robinson's estate. After Robinson and Middleton answered, the Freemans filed a motion to disqualify Robinson's and Middleton's attorney, John D. Wennermark, alleging "Wennermark is disqualified from repre-

senting both Middleton and Robinson in this litigation because their interests are actually and/or potentially materially and directly adverse to one another in this litigation." After a hearing, the trial court granted the Freemans' motion and ordered Wennermark disqualified.

Robinson and Middleton filed this petition for writ of mandamus, requesting this court to order the trial court to set aside the order disqualifying Wennermark from representing them.

## Mandamus

A writ of mandamus is an extraordinary remedy which will issue only to correct a trial court's clear abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). In addition to showing an abuse of discretion, the relator must show he or she has no other adequate remedy at law. *Id.* at 840. A party generally lacks an adequate appellate remedy if its counsel is disqualified. *In re Nitla S.A. de C.V.*, 45 Tex. Sup.Ct. J. 571, 573, 92 S.W.3d 419, 422 (2002) (per curiam) (orig. proceeding). Thus, mandamus is an appropriate vehicle to review motions to disqualify attorneys. *Id.; National Med. Enters., Inc. v. Godbey*, 924 S.W.2d 123, 133 (Tex.1996) (orig. proceeding); *In re Acevedo*, 956 S.W.2d 770, 772 (Tex.App. San Antonio 1997, orig. proceeding). Our inquiry here is whether the trial court abused its discretion by disqualifying the relators' attorney. *In re Nitla S.A. de C.V.*, 45 Tex. Sup.Ct. J. 571, 92 S.W.3d 419 (2002) (per curiam) (orig. proceeding) (citing *In re Meador*, 968 S.W.2d 346, 350 (Tex.1998)). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker*, 827 S.W.2d at 839.

## Discussion

The basis of the Freemans' motion to disqualify is Rule of Professional Conduct 1.06. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998). Rule 1.06 provides, in part:

(a) A lawyer shall not represent opposing parties to the same litigation.

(b) In other situations ... a lawyer shall not represent a person if the representation of that person:

(1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; ...

(c) A lawyer may represent a client in the circumstances described in (b) if:

(1) the lawyer reasonably believes the representation of each client will not be materially affected; and

(2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any.

*Id.*

In their petition, the relators complain the trial court abused its discretion in granting the Freemans' motion to disqualify because they lacked standing to raise any conflicts of interest.[1] They rely on *Adams v. Reagan*, 791 S.W.2d 284 (Tex. App.-Fort Worth 1990, no writ), *Callaway v. Barber*, 760 S.W.2d 698 (Tex.App.-Corpus Christi 1988, writ denied), *Pioneer Natural Gas Co. v. Caraway*, 562 S.W.2d 284 (Tex.App.-Eastland 1978, writ ref'd n.r.e.), and *Ferguson v. Alexander*, 122 S.W.2d 1079 (Tex.App.-Dallas 1938, writ dism'd) for their assertion. In each of these cases, the court held that an attorney-client relationship must exist or have existed to give an individual standing to object to an alleged conflict. These cases, however, were decided before the Rules of Professional Conduct were enacted and made effective in 1990.

■ There are at least two more recent cases in which courts of appeals have denied a party standing to challenge an opposing party's attorney on the grounds of conflict of interest. In *Jones v. Lurie*, 32 S.W.3d 737 (Tex.App.-Houston [14th Dist.] 2000, no pet.), the court held that because the plaintiffs were never represented by the defendant's lawyer, they had no standing to complain of his representation of the defendant. *Id.* at 744. Similarly, in *Glassell v. Ellis*, 956 S.W.2d 676 (Tex.App.-Texarkana 1997, rev. dism'd w.o.j.) the court stated "it is the clients who make the complaint that their attorney has a conflict of interest." *Id.* at 685. The court therefore held that the defendant lacked standing to complain about the class counsel's potential conflict of interest with absent class members because the defendant was not represented by class counsel. *Id.* These cases certainly guide our review of this case. However, neither court mentions the Rules, the preamble to the Rules, or the comments, although the Rules were in place when these opinions were decided. In spite of the fact that "the disciplinary rules are merely guidelines—not controlling standards—for disqualification motions" *In re Nitla S.A. de C.V.*, 45 Tex.Sup. Ct.J. 571, 573, 92 S.W.3d 419, 422 (2002), "it would be injudicious for this court to employ a rule of disqualification that could not be reconciled with the Texas Rules of

---

1. The Relators do not challenge the propriety of the trial court's ruling disqualifying Wennermark in light of Rule of Disciplinary Procedure 1.6.

Professional Conduct." *Ayres v. Canales,* 790 S.W.2d 554, 556 n. 2 (Tex.1990). Because the comments to the Rules "illustrate and explain applications of the rules," they, in addition to case law and the rules themselves, are relevant to our inquiry here. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT preamble ¶¶ 7, 10.

■ Comment 17 to Rule 1.06 provides that if a conflict as outlined in the rule arises, it is "primarily the responsibility of the lawyer undertaking the representation" to point out the conflict. DISCIPLINARY R. PROF'L CONDUCT 1.06, cmt. 17. A court, however, may raise the question when there is reason to infer that the lawyer has neglected the responsibility. *Id.* "Where *the conflict* is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question. Such an objection should be viewed with great caution, however, for it can be misused as a technique of harassment." *Id.* (emphasis added). Comment 17 is clear. Opposing counsel has standing to seek disqualification, if a conflict which violates the rules exists and is sufficiently severe to "call in question the fair or efficient administration of justice." *Id.; Zarco Supply Co. v. Bonnell,* 658 So.2d 151, 154 (Fla.Dist.Ct.App. 1995) (conferring on Zarco standing to seek disqualification of opposing counsel because conflict "clearly calls into question 'the fair or efficient administration of justice'"); *see Kenn Air Corp. v. Gainesville–Alachua County Regional Airport Auth.,* 593 So.2d 1219, 1222 (Fla.Dist.Ct.App. 1992) (allowing someone other than former client to move for disqualification in instances involving conflicts of interest in simultaneous representations); *Appeal of Infotechnology, Inc.,* 582 A.2d 215, 221 (Del.1990) (concluding that non-client litigant may move to disqualify opposing counsel, but must prove by clear and convincing evidence that conflict exists and that it will prejudice fairness of proceedings). Here, the Freemans have made no showing that an actual conflict exists. In their motion to disqualify, the Freemans assert "Wennermark is disqualified from representing both Middleton and Robinson in this litigation because their interests are actually and/or potentially materially and directly adverse to one another in this litigation." At the hearing on the motion, the Freeman's attorney argued that the nature of the suit itself and the allegations involved—undue influence, duress, tortious interference with the agreement and inheritance rights—undeniably created a conflict of interest between Robinson and Middleton. The Freemans also point to Robinson's former counsel's motion to withdraw, which contains the following statement, as evidence of a conflict:

> In spite of numerous concerns of undue influence, fraud, duress and other questionable actions on the part of Virginia Middleton against Betty G. Robinson and a concern of an actual, if not potential, conflict of interest on the part of attorney John D. Wennermark in representing co-defendants whose interests may diverge, undersigned counsel brings this Motion to Withdraw at the apparent instruction of the client and requests that John D. Wennermark be substituted as counsel of record for Betty G. Robinson.

Wennermark, however, repeatedly maintained that Robinson and Middleton are not adverse and that he does not intend to defend Robinson by maintaining that Middleton influenced her decision to dishonor the agreement, and he introduced a Joint Representation Confirmation, in which both Robinson and Middleton waived any objections to the joint representation and any possible arising conflicts.

The claims that form the basis of the lawsuit and Robinson's former lawyer's statement do not amount to evidence of an actual conflict of interest. Because no actual conflict exists, the Freemans lacked standing to bring the motion to disqualify Wennermark. Accordingly, the trial court abused its discretion by disqualifying Wennermark from representing Robinson and Middleton. We conditionally grant relators' petition for writ of mandamus. Judge Prohl is directed to vacate his order granting the motion to disqualify Wennermark from representing Robison and Middleton. A writ of mandamus will issue only if Judge Prohl fails to comply with these instructions.