William SEALE, Appellant,

v.

Mary Lee HARVEY by Next Friend, Appellee.

No. 6403.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 7, 1961.

Rehearing Denied Sept. 27, 1961.

Orgain, Bell & Tucker, Beaumont, for appellant.

Carl Waldman, Billy J. Sanders, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit for damages brought by Mary Lee Harvey, a minor through next friend, and her father, Day Lee Harvey, for personal injuries sustained by Mary Lee Harvey when she fell through a hole in the porch of a house rented to her father by the defendant, William Seale.

The jury found: the defendant guilty of negligence in failing to repair the porch; the father guilty of contributory negligence in failure to cover the hole; the daughter was not guilty of contributory negligence. Judgment was rendered for the plaintiff Mary Lee Harvey in the sum of $1,000, and that plaintiff Day Lee Harvey take nothing. The defendant complains of the action of the trial court in overruling his motion for judgment non obstante veredicto.

The controlling question in this case is whether there was evidence to support the jury finding that Mary Lee Harvey was not guilty of contributory negligence in not staying way from the hole in the porch.

Mary Lee Harvey was 9 years and six months of age and lived with her parents on the rented premises at the time this incident occurred. The hole had been in the porch for about 3 weeks, when Mary Lee Harvey fell into it. The father, Day Lee Harvey, testified: The hole was about 8 inches wide and 2 feet long; rotten boards caused the hole; Mary Lee fell

through the hole about 3:00 in the afternoon; he was sitting on the porch at the time, but was not looking at her; he had told Mary Lee not to play near the hole; she was in the second grade at the time and did good in school, and he considered her as being smart. He further testified, when he told her about the hole he showed it to her and she had no trouble understanding when he told her to stay away from the hole; he explained to Mary Lee the danger of falling through the hole and she understood the danger. He also stated he heard his wife tell Mary Lee to stay away from the hole often and she was smart enough to understand what her parents were talking about. Mary Lee was playing alone running around the porch at the time she fell; he also testified there was no reason she could not see the hole; it was not covered with anything.

Mary Lee Harvey testified: Her mother and father had told her about the hole, but the reason she fell was she had forgotten about the hole; she was playing alone running up and down the porch; and there was nothing to keep her from seeing the hole; she just wasn't looking. If she had looked she could have seen it. She further testified she was facing the hole when she fell through it; she stated she understood her father when he told her to stay away from the hole, and when he told her the reason he didn't want her to go near the hole was because she might fall in it.

Mary Lee's mother, Aline Harvey, testified: She though the hole was dangerous because someone could fall through it and get hurt; that she told Mary Lee about that; she told Mary Lee to stay away from the hole; there was nothing to keep Mary Lee from seeing it; Mary Lee was smart enough to know what her mother was talking about.

Even though the exact dimensions of the porch were not given, the evidence showed the boards were 4 inches wide and the exhibit reveals there are 26 boards making

the porch about 7 feet long. The evidence also shows the hole was 2 feet long, and the exhibit reveals the repaired portion to be about $\frac{1}{3}$ of its width, making the porch about 6 feet wide.

In view of the jury findings, defendant is liable to Mary Lee Harvey, unless her recovery is defeated because of her contributory negligence as a matter of law. The test to be applied to this situation was defined by the Supreme Court in Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 621 as follows: "In order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it."

We feel this case is controlled by Gonzalez v. Broussard, Tex.Civ.App., 274 S.W.2d 737, 739, Ref. N.R.E. In this case a 9 year old boy was injured when he stumbled over a rock while running at an outdoor movie. The facts showed the boy arrived during the daylight; knew of the rocks and knew he might stumble running; had actually seen the rock on which he stumbled; knew it was there, but forgot about it. The Court of Civil Appeals reversed and rendered the judgment of the trial court, finding the boy guilty of negligence per se and stating the law as follows: "The child testified clearly and cogently about those matters, and the testimony establishes that he had full knowledge of and appreciated the exact danger. These admissions defeat any recovery."

We feel the facts in this instant case are much stronger than those in the case of Pollack v. Perry, Tex.Comm.App., 235 S. W. 541, 543, involving a situation greatly similar to the one at bar. The plaintiff fell through a rotten board in the floor of the house she was renting from the defendant. The plaintiff knew of the defective condition of the floor 20 days before her fall. This court in reversing and ren-

dering judgment for defendant said the following: "The defect was open and obviously apparent. She considered it dangerous. She 'didn't notice that place,' nor did she 'pay any mind to that' at the time the plank broke. These manifest a lack of care and attention on her part, amounting to contributory negligence barring recovery. Citing cases."

This same proposition of law has been stated by other courts as follows: "Where the undisputed evidence shows the existence of a danger and that the plaintiff, or injured party, had knowledge or was chargeable with knowledge of the danger and exercised no care whatever, then there is shown a case of contributory negligence as a matter of law." Cisco & N. E. Ry. Co. v. McCharen, Tex.Civ.App., 118 S.W.2d 844, 847, and Panhandle & Santa Fe Ry. Co. v. Karr, Tex.Civ.App., 257 S.W.2d 486.

The plaintiffs rely upon the case of Sullivan v. Trammell, Tex.Civ.App., 130 S.W. 2d 310, 315, to sustain their judgment. In this case the defendant installed a pump and gasoline storage tank on plaintiff's farm and failed to fill in a hole in the ground. Plaintiff's daughter was injured when she fell in the hole while running to catch a ball. She had seen the hole before but had forgotten about it. She was not living at home at the time but came home on weekends. The Court mentioned the fact that the evidence did not inform them as to the size of the backyard, where the girls commenced to play ball, how far they had been playing from the hole, how long it had been since she had seen the hole, whether the hole was plainly visible to her at the time she commenced to play ball, or whether she knew or realized the likelihood of receiving the injury if she played ball in the yard by reason of the existence of the hole. This court restated the rule as quoted above in the Cisco & N. E. Ry. Co. v. McCharen case. This court concluded the evidence raised an issue of fact for the jury to determine. However, in distinguishing its case from the Cisco & N. E. Ry. Co. v. McCharen case, this statement is made: "The facts of that case are materially different from those of the instant case. In that case a full picture of the knowledge and conduct of the injured party were presented, while in the instant case only a partial picture of the knowledge and conduct of the injured party is given. The facts in the instant case tend to show lack of knowledge of danger on the part of Maurine Trammell, and there is no showing that she did not exercise any care whatsoever for her safety and protection."

We feel this last paragraph cited from the Sullivan v. Trammell case distinguishes it from the case at bar. In this case a full picture of the knowledge and conduct of the injured party is given. In our opinion the picture is much clearer and much more emphatic than the Cisco N. E. R. Ry. Co. v. McCharen case, supra. The facts clearly establish the possession of the knowledge of danger on the part of Mary Lee Harvey—the exact danger from which she suffered her injury.

It is further contended that because of the youthful age of the injured party the proposition of law cited in some of the cases mentioned in this opinion have no application to this case. We believe the law is to the contrary. It has been held that "where a minor possesses such a degree of intelligence as to appreciate the danger involved in his act, he is chargeable with contributory negligence as any other person." City of Menard v. Coats, Tex. Civ.App., 60 S.W.2d 831, 833, and cases cited. Also, in the case of Sargeant v. Williams, 152 Tex. 413, 258 S.W.2d 787, 790, it is said: "The contention thus is that the single fact of the youthful ages of the minor petitioners prevents their being held negligent as a matter of law, which seems, in turn, tantamount to saying that a girl if even 14 years of age [cannot] be held negligent as a matter of law. Cer-

tainly much younger children may be held negligent as a matter of fact, as is plain from decisions such as Dallas Ry. & Terminal Co. v. Rogers, 147 Tex. 617, 218 S. W.2d 456."

We have concluded that Mary Lee Harvey was guilty of contributory negligence as a matter of law.

The judgment is reversed and rendered.