Mary Lee HARVEY, by Next Friend, Petitioner,

v.

William SEALE, Respondent.

No. A–8666.

Supreme Court of Texas.

Oct. 3, 1962.

Rehearing Denied Dec. 19, 1962.

Bill J. and Don Sanders, Carl Waldman, Beaumont, for petitioner.

Orgain, Bell & Tucker, David J. Kreager, Beaumont, with above firm, for respondent.

WALKER, Justice.

Mary Lee Harvey, petitioner, was injured when she fell through a hole in the front porch of the home rented by her father from William Seale, respondent. This suit was brought by petitioner and her father against respondent to recover their damages. The jury found that the acci-dent was proximately caused by respondent's negligent failure to repair the hole and by the father's negligence in failing to cover the same. It refused to find that petitioner should have stayed away from the hole or that she failed to keep a proper lookout. Judgment was entered on the verdict that the father take nothing and that petitioner recover from respondent her damages in the amount fixed by the jury. The Court of Civil Appeals reversed and rendered in respondent's favor, holding that petitioner was guilty of contributory negligence as a matter of law. 349 S.W.2d 292.

Petitioner was 9½ years of age and in the second grade at the time of the accident. She and her parents had lived in the home rented from respondent for approximately seven years. The floor of the front porch, which was about 9 feet long, 6 feet wide, and some 18 or 20 inches above the level of the ground, was covered with boards 4 inches in width. Parts of two boards became rotten and fell in about three weeks before the accident. This left a hole approximately 8 inches wide and 2 feet long near one end of the porch and at the side which adjoined the main structure of the house.

Petitioner's parents warned her about the hole, explained the danger of falling into it, and told her not to play near the same. According to their testimony, she had the capacity to and did understand the danger. The accident occurred about three o'clock in the afternoon while petitioner was playing alone, running up and down the porch. She was facing the hole when she fell. There was nothing to prevent her seeing it, but she was not looking. She testified that the reason she fell was that she had forgotten about the hole while playing on the porch. Her father was present at the time but did not see her fall.

Respondent's brief in the Court of Civil Appeals contains several points of error, any one of which, if sustained, would require that the judgment of the trial court

be reversed and rendered. Our views with respect to each of these contentions must be stated, because it is our opinion that the judgment of the trial court should be affirmed. The contributory negligence question will be considered after the other points of error presented to the intermediate court have been discussed.

▮ Respondent contends that his covenant to repair upon demand did not give rise to any duty which can be made the basis of liability to petitioner, because it does not appear that personal injuries were within the contemplation of the parties when the agreement was made. The opinion in Ross v. Haner, Tex.Com.App., 258 S.W. 1036, lends support to this argument, but that case was decided at a time when most jurisdictions afforded no redress against a lessor for personal injuries caused by a defect in the leased premises which he was under a contractual duty to repair. See Annotation 8 A.L.R. 765. In recent years an increasing number of courts have held that tort liability may be predicated upon the lessor's negligent failure to perform his covenant to repair after notice of a defect which renders use of the property in the manner contemplated by the lease unreasonably dangerous. See Annotations, 163 A.L.R. 300, 78 A.L.R.2d 1238; 32 Am.Jur. Landlord and Tenant § 724, p. 599. The latter view has been adopted by the Restatement and is now recognized as the law in Texas. See Restatement of the Law of Torts § 357; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114. The tort duty arises from the lessor's ability to make repairs and his control over them, and it is not necessary for the plaintiff to establish that the covenant to repair was made for the purpose of preventing personal injury to the tenant or some member of his family.

It is also argued that petitioner assumed the risk, and that respondent owed her no duty, because the hole was an open and obvious condition which petitioner encountered with full knowledge of its existence and appreciation of the danger involved. Petitioner undoubtedly knew that the hole existed and realized that there was danger of injury if she stepped or fell into it. She did not, however, knowingly and intentionally subject herself to the danger as would have been the case if she had attempted to determine whether she could avoid the hole while walking across the porch with her eyes closed. The question is whether the defendant owed her any duty when she chose to remain within the area of danger while playing on the front porch.

▮ Respondent relies on cases such as McElhenny v. Thielepape, 155 Tex. 319, 285 S.W.2d 940; Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374; Marshall v. San Jacinto Bldg., Inc., Tex.Civ. App., 67 S.W.2d 372 (wr. ref.); Gonzalez v. Broussard, Tex.Civ.App., 274 S.W.2d 737 (wr. ref. n. r. e.); and Lederman v. Cunningham, Tex.Civ.App., 283 S.W.2d 108 (no writ). These were suits by an invitee or licensee whose privilege to enter and remain on the premises was derived solely from the defendant's consent. A landowner is not under an absolute duty to change his methods of operation, alter the condition of the premises, or make other special preparations for the safety of such a visitor. All the latter can expect is knowledge of actual conditions that will be encountered so he may determine whether to avail himself of the landowner's consent. The duty of a landowner to his licensee or invitee is fully discharged then by a complete disclosure of the danger. And there is no duty whatsoever with respect to conditions that are so open and obvious, with the dangers therein so apparent, that the same are or should be known to and appreciated by the visitor. One who has no right to enter except by virtue of the landowner's consent can remain off the premises if he does not wish to subject himself to the risk of injury from such conditions. Where he has an opportunity to exercise an intelligent choice as to whether the advantage to be gained by his entry is sufficient to justify his incurring

the risk, the landowner owes him no further duty of protection from harm. See Restatement of the Law of Torts §§ 340 to 343, inclusive, and comments thereunder. These principles are also applicable to an action by the employee of a subcontractor against the general contractor in control of the premises. McKee v. Patterson, 153 Tex. 517, 271 S.W.2d 391.

Here petitioner's right to enter and remain on the premises does not arise from permission granted or an invitation extended by respondent. By virtue of her father's lease, she was entitled to be on the front porch of her home without regard to respondent's consent. Respondent was not privileged, therefore, to adopt a "take it or leave it" attitude, and his duty to petitioner was not fully discharged when she learned of the danger. The negligent failure to repair the hole placed her in a position where she was compelled to choose between foregoing her legal right to play on the porch and encountering the risk involved in playing there. If her choice was unreasonable under the circumstances, she was guilty of contributory negligence, but respondent will not be heard to say that she voluntarily exposed herself to the danger, and that he owed her no duty with respect thereto, when she decided to play on the porch. See Restatement of the Law of Torts, § 893; Keeton, Personal Injuries Resulting from Open and Obvious Conditions, 100 Pennsylvania Law Review 629, 638; Harper and James, The Law of Torts, Vol. 2, § 21.1 et seq.; Prosser, The Law of Torts, 2nd ed. 1955, § 55 p. 312. This brings us to the contributory negligence question.

Petitioner had been warned of the danger and admits that she was not looking. Her only explanation is that she had forgotten about the hole. Some courts, particularly in the earlier cases, have held that anyone having knowledge of a dangerous condition must remember it at his peril in the absence of an emergency situation that distracts his attention. In the more recent decisions, however, a majority of the courts have taken the position that forgetfulness is not necessarily negligence but is merely one of the factors to be considered in determining whether reasonable care has been exercised. See Annotation, 74 A.L.R.2d 950; 38 Am. Jur. Negligence § 187, p. 863.

In Walgreen-Texas Co. v. Shivers, 137 Tex. 493, 154 S.W.2d 625, we pointed out that while momentary forgetfulness or inattention to a known danger may and usually does constitute contributory negligence, the rule is not an absolute one. There the plaintiff, a woman 66 years of age, fell to the floor and was injured while she was attempting to leave a counter where she had been seated at a stool placed on a raised platform. Although there was no emergency situation to distract her attention, it was held that her forgetfulness did not constitute contributory negligence as a matter of law. The circumstances mentioned in the opinion which were regarded as sufficient to excuse her inattention were the plaintiff's age, her presence in a place of refreshment and relaxation, the fact that she had used the platform on only one previous occasion, and the probability that she was worried about her daughter's condition.

A case involving facts more nearly analogous to those disclosed by the present record is Sullivan v. Trammell, Tex.Civ.App., 130 S.W.2d 310 (wr. dis. judg. cor.). The plaintiff, who was 11 years of age, was injured when she fell into a hole left by the defendants in the back yard of the premises where she lived with her grandparents. She was familiar with the hole but had forgotten about it. The accident occurred after sundown and before dark while the plaintiff was running to catch a ball thrown by her cousin. A divided Court of Civil Appeals refused to hold that she was guilty of contributory negligence as a matter of law, but the majority opinion indicates that some circumstances which the court regarded as material were not established by the evidence.

The Court of Civil Appeals in the present case cited Pollack v. Perry, Tex.Com.App.,

**314**

235 S.W. 541, and Gonzalez v. Broussard, supra, in support of its conclusion that petitioner was contributorily negligent as a matter of law. As indicated above, the holding in the Gonzalez case is based on the proposition that the defendant owed his licensee no duty with respect to a danger known to and appreciated by the latter. Whether the plaintiff's conduct amounted to contributory negligence as a matter of law was not considered or decided. The injured tenant in the Pollack case was an adult. In view of her failure to repair the visible defect in the floor, which she considered dangerous, or to use any substantial means to protect herself against stepping into it, and her failure to notice the place as she was walking across the room just prior to the accident, she was held to have been contributorily negligent as a matter of law.

Our problem would be quite different if petitioner were an adult or if she had been injured at a place where even an immature person would ordinarily be on the alert and mindful of danger. Here we are dealing with a child of nine who was injured while playing in the familiar and ordinarily safe surroundings of the home where she had lived with her parents almost all of her life. While a person of that age must exercise ordinary care for his own safety and may be guilty of contributory negligence as a matter of law, petitioner was not required to do more than might reasonably be expected of a child of her maturity and capacity. Although she knew that the hole was dangerous and that she would be injured if she fell into the same, it does not conclusively appear that she fully appreciated the risk involved in playing on the porch. Since the hole had been there for some three weeks, the impression made by the warnings of her parents may well have dimmed with the passage of time. It must also be remembered that young children are inclined to be heedless, and can become so preoccupied with their playing that they are inattentive and unobservant even in the presence of a known danger. Can it

be said that a second grader of petitioner's age and capacity in the exercise of ordinary care should have refrained from playing on the porch, or after having begun to play there should have avoided falling into the hole? The question is a close one, too close for us to say that reasonable minds could not differ as to its answer. Whether petitioner was negligent under all the circumstances was an issue of fact for the jury, and the trial court properly rendered judgment on the verdict.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.