

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00095-CV

---

CITY OF STINNETT, TEXAS, APPELLANT

V.

SARAH KATHLEEN PRICE, APPELLEE

---

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court No. 44868, Honorable Curt W. Brancheau, Presiding

---

July 30, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In this interlocutory appeal arising out of a personal injury lawsuit brought by Sarah Kathleen Price, the City of Stinnett, Texas, argues the trial court erred when it denied the City's plea to the jurisdiction based on its claim of governmental immunity. The City's plea and Price's response were supported with evidence. After reviewing the evidence and applicable law, we sustain the City's issue on appeal, reverse the trial court's order, and render an order granting the City's plea to the jurisdiction.

## Background

On November 6, 2020, Price entered Stinnett City Hall to pick up a campaign pen saved for her by a City employee. Visitors enter city hall through a glass door leading to a small vestibule. A second glass door leads into city hall's offices. Each of the doors is flanked by floor-to-ceiling glass panels framed in aluminum.[1]

Price had been in city hall three or four times over the decade preceding the incident. On her November 6 visit, she entered without incident, opening the first door and passing through the vestibule and an already open second door. After completing her business, Price turned to exit through the same set of doors. Walking with her head up, she collided with one of the glass panels instead of passing through the door. The glass shattered, and Price sustained physical injuries. Price explained she walked into the glass panel because she "couldn't tell the difference between them."

Price brought suit against the City, seeking damages under theories of premises liability and negligence. Asserting the bar of governmental immunity, the City filed a plea challenging the trial court's subject matter jurisdiction. The plea was denied, and this interlocutory appeal followed.[2]

---

[1] Photos depicting the doors and adjoining glass panels were in evidence and are reproduced at the end of this opinion. Photo 1 provides an exterior view of the entrance to city hall. Photo 2 shows an interior view from inside city hall looking out into the parking lot. Photo 3 depicts the shattered glass panel to the right of the interior door with glass scattered on the vestibule floor.

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

**Analysis**

A plea to the jurisdiction seeks dismissal of a case for lack of jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).[3] Sovereign immunity and its counterpart, governmental immunity, generally protect the State and its political subdivisions from lawsuits and liability for money damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Courts therefore lack subject matter jurisdiction to adjudicate suits for damages against subdivisions of state government, like municipalities, unless there is a valid statutory or constitutional waiver of governmental immunity. *Suarez v. City of Texas City*, 465 S.W.3d 623, 631 (Tex. 2015).

The Texas Tort Claims Act provides a limited waiver of sovereign immunity for the condition or use of real property if the governmental unit would be liable as a private person under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). For alleged premises defects, the law provides that if the claimant did not pay for use of the premises, the government generally owes a duty to warn a licensee of a dangerous condition or make it reasonably safe, but only if the owner is aware of the condition and the licensee is not. TEX. CIV. PRAC. & REM. CODE ANN. § 101.022(a). *See also Fraley v. Tex. A&M Univ. Sys.*, 664 S.W.3d 91, 98 (Tex. 2023) (citing *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)).

When a plea to the jurisdiction challenges jurisdictional facts, the trial court must consider relevant evidence submitted by the parties, similar to addressing a traditional

---

[3] We review de novo the ruling of a trial court on a plea to the jurisdiction as the existence of jurisdiction is a question of law. *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 156 (Tex. 2007).

motion for summary judgment. *See Miranda,* 133 S.W.3d at 227; *Harris County Flood Control Dist. v. Kerr,* 499 S.W.3d 793, 798 (Tex. 2016). The court "take[s] as true all evidence favorable to the nonmovant" and "indulge[s] every reasonable inference and resolve[s] any doubts in the nonmovant's favor." *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 228). If the governmental unit shows an absence of jurisdiction, the plaintiff must then demonstrate a disputed fact issue on the jurisdictional question. *Id.* If the evidence fails to raise a fact question on a necessary element,[4] the trial court must grant the plea to the jurisdiction. *Id.*

Price does not allege a contemporaneous or affirmative activity by the City but an injury arising from the condition of City property.[5] Accordingly, although Price's petition alleges that various negligent acts or omissions proximately caused her damages, the parties treat her claim as one of premises liability. We will do the same.[6] In a premises defect case involving a licensee-plaintiff, the plaintiff must show (1) the condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; and (5) the owner's

---

[4] Evidence is legally insufficient to prove a vital fact when it: (1) cannot be given weight under the rules of law or evidence; (2) amounts to no more than a mere scintilla; (3) conclusively establishes the opposite of what it is intended to prove; or (4) appears nowhere in the record. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 613 (Tex. 2016).

[5] *See Del Lago Ptnrs. v. Smith,* 307 S.W.3d 762, 776 (Tex. 2010) (negligent activity involves affirmative, contemporaneous conduct by the owner, while premises liability involves the owner's failure to make the property safe).

[6] *See McDaniel v. Cont'l Apartments Joint Venture*, 887 S.W.2d 167, 171 (Tex. App.—Dallas 1994, writ denied) ("Adroit phrasing of the pleadings to encompass design defects, per se negligence or any other theory of negligence does not affect application of premises liability law.") (cleaned up).

4

failure was a proximate cause of injury to the licensee. *Sampson v. Univ. of Tex. at Austin,* 500 S.W.3d 380, 391 (Tex. 2016); *Payne*, 838 S.W.2d at 237.

Our focus in this appeal is on the third element, i.e., the evidence of whether Price knew of the glass panels bracketing the door. When a danger is open and obvious, a property owner generally has no legal obligation to warn of the danger or make the premises safe. *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021); *Harvey v. Seale*, 362 S.W.2d 310, 312 (Tex. 1962) (holding that no duty is owed when conditions are so open and obvious that they should be known and appreciated by the licensee); *Tex. State Univ. v. Guillen*, No. 03-23-00333-CV, 2024 Tex. App. LEXIS 32, at *7 (Tex. App.—Austin Jan. 4, 2024, pet. denied) (same). We assess the evidence not for what Price subjectively knew, but for "what a reasonably prudent person would have known under similar circumstances" in light of the totality of the particular circumstances Price faced. *Valdez*, 622 S.W.3d 771, 788; *Guillen*, 2024 Tex. App. LEXIS 32, at *8. Determining whether a condition is open and obvious is an objective undertaking. *Id.*

Although appellate courts have considered appeals from instances of plaintiffs walking into glass mistaking it for a door, another premises liability decision is more instructive given these facts. In *Marshall v. San Jacinto Bldg., Inc.*, 67 S.W.2d 372, 372 (Tex. Civ. App.—Beaumont 1933, writ ref'd),[7] the plaintiff filed suit for injuries sustained after tripping over an elevated granite slab at the entrance of a building. He testified that despite having entered the building many times before, he had not noticed the elevation

---

[7] The notation "writ refused" means that the Supreme Court of Texas has determined that the judgment of the court of civil appeals is correct and that the opinion correctly declares the law. As a result, such cases have equal precedential value with the high court's own opinions. *Ferreira v. Butler*, 575 S.W.3d 331, 335 n.29 (Tex. 2019) (citing TEXAS RULES OF FORM: THE GREENBOOK app. E (Texas Law Review Ass'n ed., 14th ed. 2018)).

and was unaware of the defect that caused his injury. Nevertheless, the undisputed evidence reflected there was no obstruction preventing visitors from seeing the defect, and photographs reviewed by the court made "absolutely certain the conclusion that the elevation of the slab was open and obvious to everyone using the building." *Id.* at 373. The appellate court therefore upheld the trial court's directed verdict in favor of the property owner. *Id.* at 375.

In this case, the evidence clearly reveals the existence of floor-to-ceiling glass panels on either side of city hall's glass doors. Price acknowledged that nothing prevented her from seeing the glass paneling beside the door. Price testified she had been in city hall at least three times before her visit. She passed through the same doors without incident just moments before her injury on November 6, 2020.[8]

We hold the evidence to be conclusive that the danger posed by the glass panels bracketing the door was so open and obvious that it should be known and appreciated by Price. Because, as a matter of law, the City did not owe a duty to warn or protect Price of this dangerous condition, she cannot satisfy the threshold necessary to prove a limited waiver of immunity by the City.

A plaintiff is generally entitled to a reasonable opportunity to amend its petition unless the pleadings affirmatively negate the existence of jurisdiction. *Potter Cty. v. Tuckness,* 308 S.W.3d 425, 431–32 (Tex. App.—Amarillo 2010, no pet.) (cleaned up). However, remanding the case for an opportunity to amend Price's petition would be futile

---

[8] *See 4Front Engineered Sols., Inc. v. Rosales*, 505 S.W.3d 905, 907, 912 (Tex. 2016) (rendering take-nothing judgment, holding that the edge of the sidewalk off which the co-worker drove a forklift was open and obvious as a matter of law when undisputed evidence showed the plaintiff had worked on the same stretch of sidewalk two days earlier without incident).

6

because the immunity afforded to the City would not be different with an amended petition given the conclusive evidence. *Id.*

## Conclusion

Because the trial court erred in failing to sustain the City's plea to the jurisdiction, we reverse the order of the trial court and render an order sustaining the City's plea to the jurisdiction.

Lawrence M. Doss
Justice

## Photos of Entrance to Stinnett City Hall

Photo 1:



Photo 2:



Photo 3:

