

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00284-CV

———————————————

TINA COOPER, Appellant

V.

HMH LIFESTYLES, L.P. D/B/A HISTORYMAKER HOMES, Appellee

On Appeal from the 348th District Court
Tarrant County, Texas
Trial Court No. 348-330959-21

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Tina Cooper appeals from the trial court's summary judgment for Appellee HMH Lifestyles, L.P. d/b/a Historymaker Homes (Historymaker), on her premises liability claim. Cooper sued after her foot fell through an allegedly unlocked lid of a water meter can on property that Historymaker allegedly controlled. In five issues, she argues that the trial court should not have granted summary judgment because (1) even though the can was on a public right-of-way, Historymaker controlled the area on which the can was located; (2) she was not a trespasser; (3) she produced sufficient evidence to raise a fact issue on whether Historymaker actually knew of the dangerous condition; (4) the condition was not open and obvious; and (5) Historymaker had not made the condition reasonably safe. Because we hold that the trial court did not err by granting summary judgment, we will affirm.

### Background

Cooper fell in December 2020 when visiting her daughter, Libby Bryant. Cooper parked on the street in front of the property next to Bryant's, and the water meter can lid (can lid) she stepped on was located in the parkway[1] fronting that lot. The water meter and can had been installed in 2018, when the lot being developed was owned by HMH Auburndale Development, Inc. (Auburndale), but by the time of

---

[1]The parties have disputed whether the can is located on property owned or controlled by Historymaker or whether the can is in a parkway located within the City of Melissa's right-of-way and controlled by the City. For purposes of this opinion, we refer to the can as being located in the parkway.

Cooper's accident, the lot had been conveyed to Historymaker for further development. Historymaker did not begin constructing a residence on the lot until approximately four months after Cooper's accident.

Cooper originally sued Historymaker and Auburndale. *See Cooper v. HMH Lifestyles, L.P.*, No. 02-24-00046-CV, 2024 WL 4455846, at *1, *6 (Tex. App.—Fort Worth Oct. 10, 2024, no pet.) (mem. op.). Both defendants moved for traditional summary judgment, and the trial court granted their motion. In a previous appeal, we affirmed the judgment for Auburndale but reversed for Historymaker because it had not established its traditional summary judgment grounds. *See id.*

On remand, Historymaker filed a combined no-evidence and traditional summary judgment motion. Among other grounds, it asserted as a no-evidence ground that there was no evidence that it had actual knowledge of the condition before Cooper's accident and as traditional grounds that its evidence established that the condition was open and obvious and that Historymaker did not own or control the area with the can lid because it was in the public right-of-way.

Cooper filed a response to which she attached the unsworn declaration of her daughter, Bryant; her own declaration; photographs, which she had taken after the accident, that showed open can lids on what she said were other Historymaker properties in the area; and the deposition testimony of Jeff Owen, corporate representative of the plumbing company that had installed the water meter can.

The trial court granted summary judgment for Historymaker and rendered judgment ordering that Cooper take nothing. Cooper now appeals.

**Standard of Review**

With a traditional summary judgment motion, a defendant that conclusively negates at least one essential element of a plaintiff's cause of action is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c).[2] With a no-evidence summary judgment motion, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that no evidence supports an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which no evidence exists. *Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary-judgment evidence that raises a genuine, material fact issue. *See* Tex. R. Civ. P. 166a(i) & 1997 cmt.; *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 259 (Tex. 2020).

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors

---

[2]We cite the version of Rule 166a in effect at the time of the trial court proceedings. *See* Tex. Sup. Ct. Order, Misc. Dkt. No. 26-9012 (Feb. 27, 2026) (approving amendments to Tex. R. Civ. P. 166a).

could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Timpte Indus.*, 286 S.W.3d at 310 (citing *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

## Discussion

We begin with Cooper's fourth issue, as it is dispositive. Under that issue, she argues that she presented sufficient summary judgment evidence to raise a fact issue on the open and obvious nature of the condition.

### I. Premises liability elements

Cooper pled that she was a licensee on the parkway at the time of her injury, and for purposes of most of its summary judgment grounds, Historymaker conceded that status.[3] For purposes of this opinion, we apply the premises liability law applicable to licensees.

A landowner owes a duty to "use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Union Pac. R.R. v. Prado*, 685 S.W.3d 848, 861 (Tex. 2024) (quoting *Sampson v. Univ. of Tex. at Aus.*, 500 S.W.3d 380, 385 (Tex. 2016)). Thus, to prove a

---

[3]There is no contention by either party that Cooper was an invitee, but Historymaker alternatively asserted that Cooper was a trespasser.

premises liability claim as a licensee, a plaintiff must prove among other grounds that (1) a condition on the premises posed an unreasonable risk of harm; (2) the defendant had actual knowledge of the danger and the plaintiff did not; and (3) the defendant failed to make the condition reasonably safe or adequately warn the plaintiff of the condition. *Sampson*, 500 S.W.3d at 391. However, when the danger is open and obvious, a landowner has no duty to warn of the danger or make the premises safe. *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021); *Harvey v. Seale*, 362 S.W.2d 310, 312 (Tex. 1962).

A danger is considered "open and obvious" when the evidence conclusively shows that a visitor "would have knowledge and full appreciation of the nature and extent of danger, such that knowledge and appreciation of the danger are considered as proved as a matter of law." *Valdez*, 622 S.W.3d at 788 (citation and internal quotation marks omitted); *Harvey*, 362 S.W.2d at 312. "Whether a danger is open and obvious is a question of law." *Valdez*, 622 S.W.3d at 788. We look not to what "the plaintiff subjectively or actually knew but what a reasonably prudent person would have known under similar circumstances." *Id.* We must consider the totality of the particular circumstances that the plaintiff faced. *Id.* at 788–89.

## II. Application

Both Historymaker and Cooper relied on excerpts from Owen's deposition in which he described a loose can lid as a noticeable condition. Historymaker relied on

6

the part of his deposition in which he stated that the condition would be seen by anyone walking in the area:

Q. So anybody standing around over here would, if they're -- if they're here they would obviously see it, and then know that this is a problem that needs to get fixed; right?

A. If they see it, *it's obvious* that it's an issue.

Q. Well, let me ask you this. You're saying it's obvious meaning that if you're walking in this area you're going to see it; right?

A. I believe so, yes.

Q. Okay. So if *anyone's* walking in this area, then they should see that this is dangerous; right?

A. Yes. [Emphases added.]

Historymaker also cited Bryant's unsworn declaration, which had been attached to Cooper's response to Historymaker's prior summary judgment motion.[4] In that declaration, Bryant stated that the can lid on her property, which was next door to the area where Cooper fell, had been left open during the entire construction project even though "[t]he water meter can is located right next to where the construction workers walk, so there is no way that they could have not noticed. The [Historymaker] workers ignored it being open." She further stated that the can lid was also open on the

_____

[4]This declaration does not appear in the clerk's record in this appeal. However, it was on file with the trial court, *see* Tex. R. Civ P. 166a(c), and it was included in the clerk's record in the previous appeal in this case, *see In re C.B.*, No. 02-25-00026-CV, 2025 WL 728233, at *2 n.6 (Tex. App.—Fort Worth Mar. 6, 2025, orig. proceeding [mand. denied]) (mem. op.) (noting that appellate court may take judicial notice of record in prior related appeal).

property next door from the time it was installed until the date of her mother's accident, and during that time, Historymaker "workers would come and go right next to the water meter can, but they would not bother to close it."

In her response, Cooper argued in essence that the condition was hidden enough that she could not have been expected to notice it but was at the same time obvious to any Historymaker contractor or employee walking in the area. In support, she produced a longer excerpt from Owen's deposition, which included the questioning immediately preceding the part relied on by Historymaker. The additional excerpt from Owen's deposition does not negate his testimony that the condition was noticeable.

In the excerpt, Owen disagreed that it would be hard to see an open can lid: "They're—it's pretty visible. I wouldn't think it would be hard to see." He was then asked if it would be hard to see if a can lid were just "sitting on there, and it's unlocked," and he responded that the lids have "an automatic lock mechanism" so that if a lid is set in place, "it automatically locks." That is, a lid cannot be set in place by someone and then remain unlocked. As for a lid that was "a little bit askew," he said that it "would be obvious" to him, but "[m]aybe not for everybody." With further questioning by Cooper's attorney, however, he went on to testify that a loose water can lid would be noticeable to *anyone* who was simply walking in the area:

> Q. . . . You -- so if you're in this area -- so if someone's working, so like say for example the builder -- the builder[']s employees are here, hanging

around, looking around, they should immediately notice that this is obviously a dangerous condition; right?

A. *It is noticeable.*

Q. So they should know immediately if they're here at all, they should know that this is dangerous; right?

A. If anybody sees it, yes.

Q. . . . Well, that's what we're talking about if they see it. I thought you were saying *it's really obvious*, and *anyone* would see this -- this condition?

A. *I think it's obvious, yes.*

Q. So anybody standing around over here would, if they're -- if they're here they would obviously see it, and then know that this is a problem that needs to get fixed; right?

A. *If they see it, it's obvious* that it's an issue.

Q. Well, let me ask you this. You're saying it's obvious meaning that if you're walking in this area you're going to see it; right?

A. I believe so, yes.

Q. Okay. So if *anyone*'s walking in this area, then they should see that this is dangerous; right?

A. Yes. [Emphases added.]

Cooper also relied on a new declaration from her daughter. In the declaration, Bryant said that a slightly open can lid is difficult to see, but she also described it as a condition that should have been noticed by Historymaker workers walking past. Specifically, she stated that a lid's being slightly open would have been hard to see unless a person "really [takes] a close look" and that it is "not common knowledge"

9

that a "slight crack or gap between the edge of the lid" "means that the lid is open and unlocked." She claimed that her knowing what a slightly open can lid looks like came from her experience with the open can lid on her own property—meaning that the open can lid on her own property must have been only slightly open. But she also stated that there was "no way" that workers walking past the lid on her property would not have noticed that it was open. As for the can lid next door, she stated that Historymaker workers "would come and go right next to" it but "would not bother to close it." But for workers to "not bother to close" a can lid, it would have to be noticeable that it was open.[5] Indeed, Cooper relied on this declaration as evidence that Historymaker's employees "would have noticed [the condition] while walking back and forth into [a] trailer on the location."

As for the photographs of other properties in the development, Cooper said in her response that they showed several lids that were completely removed from the can, but others showed lids that were "just slightly off," making it "hard to tell even in the photographs themselves." These photographs were taken several months after her accident, and Cooper's motion did not identify any particular photograph as resembling the condition of the can lid on which she had stepped. Her declaration also failed to identify any photograph as resembling the condition of the lid on the

---

[5]She also stated that she noticed that the can lid next door was open from the time of installation until her mother's fall, but she did not say that she had gone next door every day to "really take a close look" at the can lid.

day of the accident—and she could not have done so because she also stated in her declaration that she had not seen the lid and was not looking at it before she stepped on it.

Bryant's new declaration did point to two specific photographs and said that the can lid in question had looked like those two photographs. But the two photographs do not look the same. Both photographs show a lid on top of the can, but the lid in one is raised higher than the other, leaving a bigger gap between the lid and the can. Bryant did not identify which photograph matched the condition of the lid on the day in question, and the photographs are insufficient to raise a fact issue.[6]

The summary judgment evidence was sufficient to establish that a reasonably prudent person under similar circumstances would have known that the can lid's condition was open and obvious, thus negating Historymaker's duty to warn of the condition or make it safe. *See Valdez*, 622 S.W.3d at 788. Accordingly, Historymaker was entitled to summary judgment. *See* Tex. R. Civ. P. 166a(c); *Valdez*, 622 S.W.3d at 788. We overrule Cooper's fourth issue. Consequently, we need not address her other issues, which address Historymaker's other summary judgment grounds.

---

[6]Cooper's response also referenced "[a]nother witness" who had allegedly fallen "in this same water meter can lid," and she cited "Exhibit 12," but there is no Exhibit 12 attached to her response, and none of her exhibits included testimony or a statement from another witness.

11

## Conclusion

Having overruled Cooper's dispositive fourth issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: March 26, 2026